UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIKKA BRENT,
                       Plaintiff,

-v-

MY GOALS SOLUTIONS, INC.,
                       Defendant.

25-CV-3584 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff Raikka Brent brought this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and 47 C.F.R. § 64.1200(d) against Defendant My Goals Solutions, Inc. on April 30, 2025. (ECF No. 1.) Brent's amended complaint alleges that she verbally requested to opt out of receiving text messages from My Goals Solutions on or about March 18, 2025, but that she continued to receive solicitations via text messages and calls up until June 13, 2025. (ECF No. 9 ¶¶ 12-14.) Before this Court now is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is denied.

       The TCPA permits the Federal Communications Commission ("FCC") to promulgate rules and regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object" and provides a private right of action for violations of any regulations. 47 U.S.C. §§ 227(c)(1), (c)(5). The FCC thus issued a regulation prohibiting a person or entity from initiating "any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Section 64.1200(d) requires covered

entities to have a written policy for maintaining a do-not-call list and to provide training to personnel engaged in making such calls.  *Id.*  Brent alleges that Defendant is in violation of this regulation, as evidenced by the unwanted solicitations she received.  (*See* ECF No. 9 ¶¶ 48-53.)

My Goals Solutions moves to dismiss on the basis that Brent, by pleading only a bare violation of the TCPA, has failed to allege a concrete harm sufficient to establish standing.  (ECF No. 12 at 5-7.)  Substantially for the reasons articulated by Judge Liman in *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 202 n.3 (S.D.N.Y. 2024), and Judge Schofield in *Watson v. Manhattan Luxury Autos., Inc.*, No. 20-CV-4572, 2022 WL 4586407, at *5 (S.D.N.Y. Sept. 29, 2022), the Court rejects this argument.  Because the TCPA protects against nuisance and privacy harms caused by unsolicited text messages, and because such harms "ha[ve] a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts," Brent need not allege any additional harm beyond that identified by Congress.  *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016)).  *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), did not concern the TCPA and does not disturb the Second Circuit's holding in *Melito*.

For the foregoing reasons, Defendant's motion to dismiss is DENIED.  Defendant shall file an answer to the amended complaint within 14 days.

The Clerk of Court is directed to close the motion at Docket Number 11.

SO ORDERED.

Dated: August 11, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge